UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MASSIMILIANO TURI,

   Plaintiff,

v.                                            CASE NO. 8:22-cv-01729-WFJ-TGW

UNITED STATES OF AMERICA,

   Defendant.
_____/

## ORDER DENYING MOTION TO VACATE

Before the Court is Massimiliano Turi's ("Turi") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 12) and the Government's Response in Opposition (Dkt. 17). The Government's Response incorporates argument made in its Response in Opposition (Dkt. 6) to Turi's original Motion to Vacate (Dkt. 1). Turi filed a Reply (Dkt. 7) to the Government's first Response in Opposition. Having reviewed the filings, the Court denies Turi's Amended Motion.

## BACKGROUND

On May 20, 2021, Turi pled guilty to money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Cr. Dkt. 98.[1] This plea was pursuant to an agreement (Cr.

---

[1] Documents from the criminal case, 8:20-cr-00151, will be labeled "Cr. Dkt. _." Documents from the instant Motion in case 8:22-cv-01729 will be denoted as "Dkt. _."

Dkt. 83). Turi's sentencing hearing was held September 30, 2021. Cr. Dkt. 246 at 1. At that hearing, Turi's counsel argued against a four-level enhancement for engaging in the business of laundering funds and for a two-level minor role reduction. *Id.* at 10–14. Turi was sentenced to 52 months in prison followed by three years' supervised release. Cr. Dkt. 166 at 2–3. The sentence was below the advisory guidelines range of 57 to 71 months. Cr. Dkt. 246 at 15.

Turi filed his Motion to Vacate (Dkt. 1) on August 1, 2022. The original Motion argued that Turi's counsel was ineffective for three reasons: (1) failing to argue against the four-level money laundering enhancement; (2) failing to inform the Court that the Government breached the plea agreement by seeking the four-level enhancement; and (3) failing to request a minor role downward departure. Dkt. 1-1 at 3–4. The Government filed a Response in Opposition (Dkt. 6) and Turi submitted a Reply (Dkt. 7).

In its Response, the Government argued that the plea deal made no promises as to the four-level enhancement. Dkt. 6 at 8–9. Additionally, the Government noted that Turi's counsel did argue against the enhancement and in favor of a minor role adjustment. *Id.* at 12.

On February 8, 2023, Turi filed a Motion to Amend (Dkt. 8) his original Motion to Vacate (Dkt. 1). Turi wrote that an amendment to his Motion would "allow him to raise a newly discovered issue" that was "discovered before the original

motion was filed," but that he did not know how to raise because of "his status as a pro se litigant." Dkt. 8 at 1.

On June 14, 2023, Turi filed his Amended Motion to Vacate (Dkt. 12). The Amended Motion introduces five new grounds. Under Ground One, Turi argues that he did not actually violate § 1956(a)(1)(B)(i) and that, subsequently, there was insufficient evidence to support his conviction under that statute. Dkt. 12 at 11. Under Grounds Two through Five, Turi argues that his counsel was ineffective for failing to: move for dismissal of the indictment based on Ground One (Ground Two); argue improper venue (Ground Three); argue a violation of the speedy trial act (Ground Four); and properly advise Turi as to Ground One (Ground Five). *Id.* at 11–13. The Amended Motion also reiterated Turi's original grounds to vacate: the Government breached its agreement by seeking a four-level upward enhancement (Ground Six); counsel was ineffective for failing to object to the Government's alleged breach of the plea deal (Ground Seven); and counsel was ineffective for failing to seek a minor role downward departure (Ground Eight). Dkt. 12 at 14–15.

The Government filed a Response in Opposition (Dkt. 17), arguing that Grounds One through Five are time-barred, and relying on its previous Response (Dkt. 6) for Grounds Six through Eight.

## DISCUSSION

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016).

3

This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue. *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the court cannot tell one way or the other" whether the petitioner's claim is valid, the petitioner has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id.* at 1273.

    *i.*    *Grounds One Through Five*

The Government moves to dismiss Grounds One through Five as time-barred. Dkt. 17 at 4–6. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a limitations period for § 2255 motions. A one-year period of limitations applies to a § 2255 motion and runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citation and internal quotation marks omitted).

An amendment to an otherwise timely habeas petition filed after the one year statute of limitations expires may relate back to the original, timely petition if it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 656 (2005). It is not enough for the petition and amendment to arise out of the same trial or sentencing; the amendment must assert the same grounds for relief, supported by facts that are the same in time and type from the original petition. *Mayle*, 45 U.S. at 657; *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003) (citing *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000)). Similarly, it is not enough for both the original petition and amendment to assert ineffective assistance of counsel; the underlying conduct that supports the alleged ineffective assistance claims must be of the same time and type. *Davenport*, 217 F.3d at 1345–46.

Grounds One through Five in Turi's Amended Motion are new claims that do not relate back to his original Motion. Turi's original Motion did not argue that he was charged under the wrong statute, or that there was insufficient evidence to support his conviction. *See generally* Dkt. 1. Nor did any of the ineffective assistance claims in Grounds Two through Five of the Amended Motion arise from the same facts as Turi's ineffective assistance claims in the original Motion. *See generally id.*;

5

Dkt. 12. The ineffective assistance claims in the original Motion alleged Defense Counsel's failure to make certain sentencing-related arguments. Grounds Two through Five in the Amended Motion were unrelated to sentencing; they arose from conduct that differs in both time and type from that underlying the claims in the original Motion. Thus, Grounds One through Five do not relate back to Turi's original Motion and are time-barred.

Turi argues that, based on lockdowns responding to the Covid-19 pandemic, the exceptions in § 2255(f)(2) and (4) apply. Dkt. 12 at 16. Prison lockdowns, when reasonably related to legitimate penological interests like health and safety, do not trigger the § 2255(f)(2) exception for unconstitutional impediments to filing. *Akins v. United States*, 204 F.3d 1086, 1090–91 (11th Cir. 2000).

Nor does Turi satisfy the § 2255(f)(4) exception. In his Motion to Amend (Dkt. 8), Turi admitted that he knew of the facts supporting his new claims in Grounds One through Five prior to the date of filing his original Motion but did not know how to state them because he was proceeding pro se. Dkt. 8 at 1. But pro se status does not entitle a litigant to a waiver of the statute of limitations. *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir 2007). Even if Turi's Motion to Amend had been filed before the one year deadline (it was not), mere mention of unidentified claims is unlikely to toll the statute of limitations. *Id.* at 1283 n. 5 (citing *Davenport*, 217 F.3d at 1341).

Turi also alleges that the Covid-19 lockdowns justify equitable tolling. "A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). To succeed in establishing equitable tolling, a petitioner must show both elements; Turi establishes neither.

Covid-19 lockdowns are not "extraordinary circumstances" that justify equitable tolling. *Powell v. United States*, No. 21-12432-J, 2022WL2811987, at *1 (11th Cir. Feb. 8, 2022) (denying equitable tolling of the AEDPA's one-year statute of limitations for § 2255 motions). And Turi cannot meet the due diligence requirement because he knew of the facts supporting his claims on the date he filed his original Motion, before the statute of limitations expired. Dkt. 8 at 1.

Turi's claims in Grounds One through Five are time barred, and he cannot rely on statutory exceptions or equitable tolling to cure this deficiency.

i. *Grounds Six through Eight*

Grounds Six through Eight are timely but lack merit. Ground Six alleges that the Government breached its plea agreement with Turi. As a preliminary matter, Turi did not raise this argument on direct appeal, so it is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Additionally, the claim has no basis in fact. Turi states that the Government promised not to seek a four-level upward enhancement in return for his cooperation in the Government's prosecution of his

co-defendant. Dkt. 12 at 14. But the plea agreement contains no such arrangement. *See generally* Cr. Dkt. 83. The Court heard argument from both parties and sentenced Turi within the advisory range after applying a 5K departure. Cr. Dkt. 246 at 30–32. Ground six fails.

Grounds Seven and Eight restate allegations of ineffective assistance of counsel from Turi's original Motion, which claimed that counsel was ineffective for failing to object to the Government's breach of the plea agreement, failing to argue for a minor role downward departure, and failing to object to the four-level enhancement. Dkt. 12 at 14–15. In order to show ineffective assistance of counsel, Turi must establish that Defense Counsel's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

First, Turi's ineffective assistance claims lack factual basis. As stated previously, the Government did not agree to avoid seeking a four-level enhancement, *see generally* Cr. Dkt. 83, and Defense Counsel did argue for a minor role reduction and against the four-level increase, Cr. Dkt. 246 at 10–14. Second, the Court commented favorably on the skill of Defense Counsel. *Id.* at 32. Thus, the record demonstrates that Defense Counsel did not fall below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Turi's ineffective assistance claims fail.

Because the motion states no cognizable claim, there is no need for an evidentiary hearing; movant has failed this burden. See *Chavez v. Sec'y Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011) (citing *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc)). "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (per curiam) (quoting 28 U.S.C. § 2255).

## CONCLUSION

Accordingly, Plaintiff's Amended Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 12) is **DENIED**. The Clerk is directed to enter judgment in favor of Defendant and close the case. There are no righteous grounds for relief and a certificate of appealability is denied.

**DONE AND ORDERED** at Tampa, Florida, on September 27, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Plaintiff, *pro se*
Counsel of Record